| | | |
|---|---|---|
| **TYRONE SYKES**<br>P.O. Box 182<br>Sharptown, MD 21861 | * | IN THE CIRCUIT COURT |
| | * | FOR WICOMICO COUNTY |
| Plaintiff | * | MARYLAND |
| v. | * | CASE NO.: 22-C-05-001177OC |
| **WICOMICO COUNTY**<br>Wicomico County Gov. Office Bldg.<br>125 N. Division Street<br>P.O. Box 870<br>Salisbury, MD 21803<br>and | * | |
| **DEPUTY HOWARD PHILLIPS**<br>Individually and in his official capacity<br>Wicomico County Sheriff's Office<br>401 Naylor Mill Road<br>Salisbury, MD 21803<br>and | * | |
| **DEPUTY JOHN ALLESSANDRINI**<br>Individually and in his official capacity<br>Wicomico County Sheriff's Office<br>401 Naylor Mill Road<br>Salisbury, MD 21803 | * | |
| Defendants | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## AMENDED COMPLAINT

Tyrone Sykes (hereinafter, Plaintiff "Sykes"), by his attorney, Sherwood R. Wescott, Esq., hereby sues the Wicomico County, Officer Howard Phillips and Officer John Allessandrini, (hereinafter referred to as, Defendants "The County" and "Phillips" and "Allessandrini" respectively), and states:

1. Plaintiff, Sykes, is now and at all times relevant to this suit and a resident of Wicomico County.



LAW OFFICES OF
VESCOTT
E & ROWE
ST MAIN STREET, SUITE B
BURY, MARYLAND 21801
PHONE: 410.749.9100

2. Defendant, Phillips, is now and at all times relevant to this suit and regularly engages in activities on behalf of the Wicomico County Sheriff's Office, as an authorized agent for Defendant, "The County".

3. Defendant, Allessandrini, is now and at all times relevant to this suit and regularly engages in activities on behalf of the Wicomico County Sheriff's Office, as an authorized agent for Defendant, "The County".

4. Defendant, "The County", is now and at all times relevant to this suit and is a public agency, city, and/or township which regularly conducts business on behalf of the Wicomico County Sheriff's Office.

5. Due notice under all applicable statutes has been given to Defendants.

6. On or about September 23, 2004, Plaintiff Sykes entered the parking lot of the Stewart Funeral Home, located at 821 West Road, Salisbury, Maryland 21801.

7. Plaintiff Sykes intended to enter the Stewart Funeral Home on personal business.

8. Upon entering the parking lot, Plaintiff Sykes, noticed two (2) Wicomico County Sheriff patrol cars parked in the front of the funeral home. Plaintiff Sykes overheard Wicomico County Sheriff's Deputies Howard Phillips and Deputy John Allessandrini yelling at a suspect, which Plaintiff Sykes later determined to be a Albert Flo, a personal acquaintance of Plaintiff Sykes.

9. Plaintiff Sykes, witness Mr. Flow strike the back of his head on the patrol car, while being shoved into it by Defendant Phillips. Plaintiff Sykes, fearing for Mr. Flow's safety, shouted " Albert are you alright? "



LAW OFFICES OF
VESCOTT
E & ROWE
A LIMITED LIABILITY COMPANY
ST MAIN STREET, SUITE B
BURY, MARYLAND 21801
PHONE: 410.749.9100

10. Defendant Phillips proceeded to tell Plaintiff Sykes that he had nothing to do with this and that the Plaintiff was trespassing on the premises.

11. Plaintiff Sykes then informed Defendant Phillips that he was not trespassing and was on the premises to conduct personal business. Defendant Phillips, shouted at the Plaintiff stating that "You are trespassing and can be arrested for it." Defendant Phillips then shouted at the Plaintiff, "You will do whatever I say and you will do it now."

12. Plaintiff Sykes stated to Defendant Phillips, "Deputy you can not talk to me this way." in which Defendant Phillips replied "I can do whatever I want. You are trespassing!" Plaintiff Sykes then informed the Deputy that he was visiting the funeral home on personal business. Defendant Phillips informed Plaintiff that he had three (3) second to either find out if someone was in the building or get back into his truck and leave.

13. As the Plaintiff approached the wheel chair ramp of the building, Defendant Phillips yelled "too damned late!" and grabbed and pulled the Plaintiff's left arm and began trying to place the Plaintiff under arrest.

14. While holding Plaintiff's arm, Defendant Phillips called for back up and ordered the Plaintiff to the ground. By the orders of Defendant Phillips, another Deputy jumped on Plaintiff's back and ordered him to the ground. At this time Defendant Allessandrini sprayed the in the face with pepper spray. Plaintiff did not want to fall face first into a brick wall that was directly in front of him, so while Defendant Phillips was still holding his arm, Plaintiff Sykes turned towards the parking lot and began walking towards the lot. At this time the Plaintiff was sprayed in the face with a second can of



LAW OFFICES OF
WESCOTT
JKE & ROWE
EAST MAIN STREET, SUITE B
LISBURY, MARYLAND 21801
TELEPHONE: 410.749.9100

pepper spray. Defendants Phillips and Allessandrini then placed the Plaintiff under arrest and in the back of the patrol car.

15. As a result of Defendants Phillips and Allessandrini's actions Plaintiff suffered extreme emotional and mental distress, anxiety, fear humiliation and physical pain and suffering.

### Count One
### Assault

16. Plaintiff re-alleges paragraphs 1-15 and herein as set forth are incorporated by reference made a part thereof, and further states,

17. Defendant Phillips by his above-mentioned acts placed the Plaintiff Sykes in fear of an imminent harmful and/or offensive touching against his person.

18. Defendant Phillips in committing the assault against Plaintiff Sykes acted with a malicious, evil, or rancorous motive, with a purpose to injure the Plaintiff, and/or with gross negligence.

**WHEREFORE**, the Plaintiff Tyrone Sykes prays that judgment be entered in his favor, against the Defendant Deputy Howard Phillips in the amount of ONE HUNDRED THOUSAND DOLLARS, $ 100,000.00 in compensatory damages, punitive damages, plus interest and the cost of this action.

### Count Two
### Battery

19. Plaintiff re-alleges paragraphs 1-18 and herein as set forth are incorporated by reference made a part thereof, and further states,

20. Defendant Phillips' actions resulted in his committing a harmful and/or offensive touching against Plaintiff Sykes.



LAW OFFICES OF
NESCOTT
KE & ROWE
1ST MAIN STREET, SUITE B
SBURY, MARYLAND 21801
EPHONE: 410.749.9100

21. Defendant Phillips in committing the battery against Plaintiff Sykes, acted with a malicious, evil, or rancorous motive, with a purpose to injure the Plaintiff, and/or with gross negligence.

**WHEREFORE**, the Plaintiff Tyrone Sykes prays that judgment be entered in his favor, against the Defendant Deputy Howard Phillips in the amount of ONE HUNDRED THOUSAND DOLLARS, $ 100,000.00 in compensatory damages, punitive damages, plus interest and the cost of this action.

### Count Three
### False Imprisonment

22. Plaintiff re-alleges paragraphs 1-21 and herein as set forth are incorporated by reference made a part thereof, and further states,

23. As alleged above, Defendant Phillips deprived Plaintiff Sykes of his liberty without his consent, and without legal justification.

24. Defendant Phillips did not have probable cause to believe that the Plaintiff Sykes had committed any crime.

25. In performing the aforesaid acts, Defendant Phillips was acting within the scope of his public duties.

26. In performing the aforesaid acts without legal justification, Defendant Phillips acted with a malicious, evil, or rancorous motive influenced by hate, with a purpose to injure the Plaintiff Sykes, and/or with gross negligence.

27. As a result of the Defendant Phillips's conduct and actions, Plaintiff Sykes has suffered and will continue to suffer, severe mental anguish, humiliation, and other damages.



LAW OFFICES OF
VESCOTT
E & ROWE
ST MAIN STREET, SUITE B
URY, MARYLAND 21801
PHONE: 410.749.9100

**WHEREFORE**, the Plaintiff Tyrone Sykes prays that judgment be entered in his favor, against the Defendant Deputy Howard Phillips in the amount of ONE HUNDRED THOUSAND DOLLARS, $ <u>100,000.00</u> in compensatory damages, punitive damages, plus interest and the cost of this action.

### Count Four
### False Arrest

28. Plaintiff re-alleges paragraphs 1-27 and herein as set forth are incorporated by reference made a part thereof, and further states,

29. Defendant Phillips who had no rational reason to believe that Plaintiff Sykes was trespassing and/or violating any laws and/or codes, nevertheless intentionally and unlawfully restrained Plaintiff Sykes, thereby depriving him of his freedom of movement.

30. The arrest was made without a warrant and without the probable cause needed to make a warrantless arrest.

31. In performing the aforesaid acts, Defendant Phillips was acting within the scope of his public duties.

32. In performing the aforesaid acts without legal justification, Defendant Phillips was acting with a malicious, evil, or rancorous motive influenced by hate, with a purpose to injure the Plaintiff, and/or with gross negligence.

33. As a result of Defendant Phillips's conduct and actions, Plaintiff Sykes has suffered, and will continue to suffer, severe mental anguish, humiliation, medical and other related expenses, loss of income, and other damages.

**WHEREFORE**, the Plaintiff Tyrone Sykes prays that judgment be entered his favor against the Defendant, Deputy Howard Phillips in the amount of ONE HUNDRED



LAW OFFICES OF
WESCOTT
KE & ROWE
:AST MAIN STREET, SUITE B
SBURY, MARYLAND 21801
_EPHONE: 410.749.9100

THOUSAND DOLLARS, $ <u>100,000.00</u> in compensatory damages, punitive damages, plus interest and the cost of this action.

### Count Five
### Malicious Prosecution

34. The Plaintiff re-alleges paragraphs 1-33 and herein as set forth are incorporated by reference made a part thereof, and further states,

35. Defendant Phillips instituted a criminal proceeding for assault and trespass against the Plaintiff by filling a Statement of Probable Cause in the District Court for Wicomico County.

36. Said criminal proceeding was resolved in Plaintiff's favor in that the Trial Court entered a not guilty verdict on all counts in the Plaintiff's aforementioned criminal case.

37. Defendant Phillips did not have probable cause to institute a criminal proceeding.

38. Defendant Phillips acted with malice or primary purpose other than bringing the Plaintiff to justice, which may be inferred from his complete lack of probable cause or his past dealings with the Plaintiff.

39. In performing the aforesaid acts without legal justification, Defendant Phillips was acting with malicious, evil, or rancorous motive influenced by hate, with a purpose to injure the Plaintiff, and with gross negligence.

40. That as a direct and proximate cause of Defendant Phillips's actions, Plaintiff has suffered: physical injuries, mental distress, humiliation, loss of income, financial loss



LAW OFFICES OF
WESCOTT
KE & ROWE
\ST MAIN STREET, SUITE B
IBURY, MARYLAND 21801
EPHONE: 410.749.9100

and other damages. All of Plaintiff's said injuries, damages and losses, past, present and prospective, were caused by the actions of the Defendant Phillips, with no negligence or want of due care on the part of Plaintiff contributing thereto.

**WHEREFORE**, the Plaintiff Tyrone Sykes prays that judgment be entered his favor against the Defendant, Deputy Howard Phillips in the amount of ONE HUNDRED THOUSAND DOLLARS, $ 100,000.00 in compensatory damages, punitive damages, plus interest and the cost of this action.

### Count Six
### Excessive Force

41. Plaintiff re-alleges paragraphs 1-40 and herein as set forth are incorporated by reference made a part thereof, and further states,

42. This Cause of Action is brought by Plaintiff against Defendant Phillips for his grossly negligent and reckless acts, including his excessive and unnecessary use of force.

43. As a direct and proximate result of the above-described gross negligence and recklessness of defendant Phillips, Plaintiff sustained physical injury causing plaintiff great pain of body and anguish of mind, incurred medical and other expenses, and was prevented from transacting his usual business.

**WHEREFORE**, the Plaintiff Tyrone Sykes prays that judgment be entered his favor against the Defendant, Deputy Howard Phillips in the amount of ONE HUNDRED THOUSAND DOLLARS, $ 100,000.00 in compensatory damages, punitive damages, plus interest and the cost of this action.

### Count Seven
### Violation of Maryland Declaration of Rights



LAW OFFICES OF
WESCOTT
KE & ROWE
AST MAIN STREET, SUITE B
ISBURY, MARYLAND 21801
EPHONE: 410.749.9100

44. Plaintiff re-alleges paragraphs 1-43 and herein as set forth are incorporated by reference made a part thereof, and further states,

45. Defendant Phillips unlawfully detained, searched and seized and assaulted Plaintiff Sykes.

46. No evidence of any use and/or possession of illegal or controlled substances was found on or about the person of Plaintiff Sykes.

47. At all times, Defendant Phillips acted under color and pretense of law, and under color of statues, customs and usages of the State of Maryland. Defendant Phillips committed these aforementioned acts while he was in the process of conducting business, for Defendant "the County".

48. In performing the aforesaid acts without leal justification, Defendant Phillips acted with a malicious, evil, or rancorous motive with a purpose to injure Plaintiff, and/or with gross negligence.

49. As a result of the Defendant's conduct and actions, Plaintiff Sykes, has suffered and will continue to suffer, severe mental anguish, humiliation, physical injury and other damages.

**WHEREFORE**, the Plaintiff Tyrone Sykes prays that judgment be entered his favor against the Defendant, Deputy Howard Phillips in the amount of ONE HUNDRED THOUSAND DOLLARS, $ <u>100,000.00</u> in compensatory damages, punitive damages, plus interest and the cost of this action.

**Count Eight**
**Violation of United States Constitution 42 U.S.C.A. § 1983**

LAW OFFICES OF
VESCOTT
E & ROWE
ST MAIN STREET, SUITE B
SURY, MARYLAND 21801
PHONE: 410.749.9100

50. Plaintiff re-alleges paragraphs 1-49 and herein as set forth are incorporated by reference made a part thereof, and further states,

51. This cause of action is brought by Plaintiff Sykes against Defendant Phillips for deprivation of Constitutional rights within the meaning of 42 U.S.C.A. § 1983.

52. At all times, Defendant Phillips acted under color of state ordinance, regulation, custom, and/or policy, and caused Plaintiff Sykes to suffer a deprivation of a right and/or a privilege secured to him by the Constitution of the United States.

53. As a direct and proximate result of the above-mentioned unconstitutional acts of Defendant Phillips, Plaintiff Sykes suffered public humiliation, emotional distress, physical injury and the right to be free from unlawful search. All Plaintiff's said injuries, damages and losses, past, present and prospective, were caused by the actions of the Defendant Phillips.

**WHEREFORE**, the Plaintiff Tyrone Sykes prays that judgment be entered his favor against the Defendant Deputy Howard Phillips in the amount of ONE HUNDRED THOUSAND, $ 100,000.00  in compensatory damages, punitive damages plus interest and the cost of this action.

### Count Nine
### Assault

54. Plaintiff re-alleges paragraphs 1-53 and herein as set forth are incorporated by reference made a part thereof, and further states,

55. Defendant Allessandrini by his above-mentioned acts placed the Plaintiff Sykes in fear of an imminent harmful and/or offensive touching against his person.



LAW OFFICES OF
WESCOTT
KE & ROWE
AST MAIN STREET, SUITE B
SBURY, MARYLAND 21801
EPHONE: 410.749.9100

56. Defendant Allessandrini in committing the assault against Plaintiff Sykes acted with a malicious, evil, or rancorous motive, with a purpose to injure the Plaintiff, and/or with gross negligence.

**WHEREFORE**, the Plaintiff Tyrone Sykes prays that judgment be entered in his favor, against the Defendant Deputy John Allessandrini in the amount of ONE HUNDRED THOUSAND DOLLARS, $ 100,000.00 in compensatory damages, punitive damages, plus interest and the cost of this action.

## Count Ten
## Battery

57. Plaintiff re-alleges paragraphs 1-56 and herein as set forth are incorporated by reference made a part thereof, and further states,

58. Defendant Allessandrini's actions resulted in his committing a harmful and/or offensive touching against Plaintiff Sykes.

59. Defendant Allessandrini in committing the battery against Plaintiff Sykes, acted with a malicious, evil, or rancorous motive, with a purpose to injure the Plaintiff, and/or with gross negligence.

**WHEREFORE**, the Plaintiff Tyrone Sykes prays that judgment be entered in his favor, against the Defendant Deputy John Allessandrini in the amount of ONE HUNDRED THOUSAND DOLLARS, $ 100,000.00 in compensatory damages, punitive damages, plus interest and the cost of this action.

## Count Eleven
## False Imprisonment

60. Plaintiff re-alleges paragraphs 1-59 and herein as set forth are incorporated by reference made a part thereof, and further states,


LAW OFFICES OF
WESCOTT KE & ROWE
A LIMITED LIABILITY COMPANY
1ST MAIN STREET, SUITE B
:BURY, MARYLAND 21801
EPHONE: 410.749.9100

61. As alleged above, Defendant Allessandrini deprived Plaintiff Sykes of his liberty without his consent, and without legal justification.

62. Defendant Allessandrini did not have probable cause to believe that the Plaintiff Sykes had committed any crime.

63. In performing the aforesaid acts, Defendant Allessandrini was acting within the scope of his public duties.

64. In performing the aforesaid acts without legal justification, Defendant Allessandrini acted with a malicious, evil, or rancorous motive influenced by hate, with a purpose to injure the Plaintiff Sykes, and/or with gross negligence.

65. As a result of the Defendant Allessandrini's conduct and actions, Plaintiff Sykes has suffered and will continue to suffer, severe mental anguish, humiliation, physical injury and other damages.

**WHEREFORE**, the Plaintiff Tyrone Sykes prays that judgment be entered in his favor, against the Defendant Deputy John Allessandrini in the amount of ONE HUNDRED THOUSAND DOLLARS, $ <u>100,000.00</u> in compensatory damages, punitive damages, plus interest and the cost of this action.

### Count Twelve
### False Arrest

66. Plaintiff re-alleges paragraphs 1-65 and herein as set forth are incorporated by reference made a part thereof, and further states,

67. Defendant Allessandrini who had no rational reason to believe that Plaintiff Sykes was trespassing and/or violating any laws and/or codes, nevertheless intentionally


LAW OFFICES OF
VESCOTT
E & ROWE
A LIMITED LIABILITY COMPANY

ST MAIN STREET, SUITE B
IURY, MARYLAND 21801

PHONE: 410.749.9100

and unlawfully restrained Plaintiff Sykes, thereby depriving him of his freedom of movement.

68. The arrest was made without a warrant and without the probable cause needed to make a warrantless arrest.

69. In performing the aforesaid acts, Defendant Allessandrini was acting within the scope of his public duties.

70. In performing the aforesaid acts without legal justification, Defendant Allessandrini was acting with a malicious, evil, or rancorous motive influenced by hate, with a purpose to injure the Plaintiff, and/or with gross negligence.

71. As a result of Defendant Allessandrini's conduct and actions, Plaintiff Sykes has suffered, and will continue to suffer, severe mental anguish, humiliation, medical and other related expenses, loss of income, and other damages.

**WHEREFORE**, the Plaintiff Tyrone Sykes prays that judgment be entered his favor against the Defendant, Deputy John Allessandrini in the amount of ONE HUNDRED THOUSAND DOLLARS, $ 100,000.00 in compensatory damages, punitive damages, plus interest and the cost of this action.

### Count Thirteen
### Malicious Prosecution

72. The Plaintiff re-alleges paragraphs 1-71 and herein as set forth are incorporated by reference made a part thereof, and further states,

73. The Defendant, Allessandrini instituted a criminal proceeding for assault and trespass against the Plaintiff by filling a Statement of Probable Cause in the District Court for Wicomico County.

74. Said criminal proceeding was resolved in Plaintiff's favor in that the Trial Court entered a not guilty verdict on all counts in the Plaintiff's aforementioned criminal case.

75. The Defendant, Allessandrini did not have probable cause to institute a criminal proceeding.

76. The Defendant, Allessandrini acted with malice or primary purpose other than bringing the Plaintiff to justice, which may be inferred from his complete lack of probable cause or his past dealings with the Plaintiff.

77. In performing the aforesaid acts without legal justification, the Defendant, Allessandrini was acting with malicious, evil, or rancorous motive influenced by hate, with a purpose to injure the Plaintiff, and with gross negligence.

78. That as a direct and proximate cause of Defendant, Allessandrini's actions, Plaintiff has suffered: physical injuries, mental distress, humiliation, loss of income, financial loss and other damages. All of Plaintiff's said injuries, damages and losses, past, present and prospective, were caused by the actions of the Defendant, Allessandrini, with no negligence or want of due care on the part of Plaintiff contributing thereto.

**WHEREFORE**, the Plaintiff Tyrone Sykes prays that judgment be entered in his favor, against the Defendant Deputy John Allessandrini in the amount of ONE HUNDRED THOUSAND DOLLARS, $ 100,000.00 in compensatory damages, punitive damages, plus interest and the cost of this action.

### Count Fourteen
### Excessive Force



LAW OFFICES OF
WESTCOTT
KE & ROWE
1ST MAIN STREET, SUITE B
BURY, MARYLAND 21801
EPHONE: 410.749.9100

79. Plaintiff re-alleges paragraphs 1-78 and herein as set forth are incorporated by reference made a part thereof, and further states,

80. This Cause of Action is brought by Plaintiff against John Allessandrini for his grossly negligent and reckless acts, including his excessive and unnecessary use of force.

81. As a direct and proximate result of the above-described gross negligence and recklessness of Defendant John Allessandrini , Plaintiff sustained physical injury causing plaintiff great pain of body and anguish of mind, incurred medical and other expenses, and was prevented from transacting his usual business.

**WHEREFORE**, the Plaintiff Tyrone Sykes prays that judgment be entered his favor against the Defendant, Deputy John Allessandrini in the amount of ONE HUNDRED THOUSAND DOLLARS, $ 100,000.00  in compensatory damages, punitive damages, plus interest and the cost of this action.

### Count Fifteen
### Violation of Maryland Declaration of Rights

82. Plaintiff re-alleges paragraphs 1-81 and herein as set forth are incorporated by reference made a part thereof, and further states,

83. Defendant Allessandrini unlawfully detained, searched and seized and assaulted Plaintiff Sykes.

84. No evidence of any use and/or possession of illegal or controlled substances was found on or about the person of Plaintiff Sykes.

85. At all times, Defendant Allessandrini acted under color and pretense of law, and under color of statues, customs and usages of the State of Maryland.



LAW OFFICES OF
WESCOTT
KE & ROWE
A LIMITED LIABILITY COMPANY
\ST MAIN STREET, SUITE B
;BURY, MARYLAND 21801
EPHONE: 410.749.9100

86. In performing the aforesaid acts without leal justification, Defendant Allessandrini acted with a malicious, evil, or rancorous motive with a purpose to injure Plaintiff, and/or with gross negligence.

87. As a result of the Defendant's conduct and actions, Plaintiff Sykes, has suffered and will continue to suffer, severe mental anguish, humiliation, and other damages.

**WHEREFORE**, the Plaintiff Tyrone Sykes prays that judgment be entered his favor against the Defendant, Deputy John Allessandrini in the amount of ONE HUNDRED THOUSAND DOLLARS, $ <u>100,000.00</u> in compensatory damages, punitive damages, plus interest and the cost of this action.

### Count Sixteen
### Violation of United States Constitution 42 U.S.C.A. § 1983

88. Plaintiff re-alleges paragraphs 1-87 and herein as set forth are incorporated by reference made a part thereof, and further states,

89. This cause of action is brought by Plaintiff Sykes against Defendant Allessandrini for deprivation of Constitutional rights within the meaning of 42 U.S.C.A. § 1983.

90. At all times, Defendant Allessandrini acted under color of state ordinance, regulation, custom, and/or policy, and caused Plaintiff Sykes to suffer a deprivation of a right and/or a privilege secured to him by the Constitution of the United States.

91. As a direct and proximate result of the above-mentioned unconstitutional acts of Defendant John Allessandrini , Plaintiff Sykes suffered public humiliation, emotional distress, physical injuries and the right to be free from unlawful search. All Plaintiff's said



LAW OFFICES OF
WESCOTT
KE & ROWE
A LIMITED LIABILITY COMPANY

AST MAIN STREET, SUITE B
SBURY, MARYLAND 21801

.EPHONE: 410.749.9100

injuries, damages and losses, past, present and prospective, were caused by the actions of the Defendant Allessandrini.

**WHEREFORE**, the Plaintiff Tyrone Sykes prays that judgment be entered his favor against the Defendant Deputy John Allessandrini in the amount of ONE HUNDRED THOUSAND, $ <u>100,000.00</u> in compensatory damages, punitive damages plus interest and the cost of this action.

**Count Seventeen**
**Violation of Maryland Declaration of Rights/ Respondeat Superior**

92. Plaintiff re-alleges paragraphs 1-91 and herein as set forth are incorporated by reference made a part thereof, and further states,

93. At all times, Defendants Phillips and Allessandrini acted under color of state ordinance, regulation, custom, and/or policy, and caused Plaintiff Sykes to suffer a deprivation of a right and/or a privilege secured to him by the Maryland Declaration of Rights. Defendants Phillips and Allessandrini committed these aforementioned acts while they on duty, for Defendant The County. As employer of the Defendants Phillips and Allessandrini, Defendant The County is vicariously liable for all the acts committed by Defendants Phillips and Allessandrini within the scope of their employment.

94. It is the Defendant, The County's custom, policy, and/or procedure to search and detain Plaintiff Sykes without sufficient cause.

95. Defendant, The County failed to properly train and/or supervise the Defendants Phillips and Allessandrini.

96. Defendant, The County, deprived Plaintiff Sykes of rights and privileges secured to him by the Maryland Declaration of Rights.



LAW OFFICES OF
WESCOTT
IKE & ROWE
EAST MAIN STREET, SUITE B
JSBURY, MARYLAND 21801
ELEPHONE: 410.749.9100

97. The County's policy, process, and or custom, as applied to the Plaintiff Sykes are unconstitutional, demonstrating a reckless and/or gross negligence in protecting of the Plaintiff's rights.

98. As a direct and proximate result of the above-mentioned acts of Defendants, The County, and John Allessandrini, Plaintiff Sykes suffered public humiliation, emotional distress, physical injury and the right to be free from unlawful search. All Plaintiff's said injuries, damages and losses, past, present and prospective, were caused by the actions of the Defendants, The County and John Allessandrini.

**WHEREFORE**, the Plaintiff Tyrone Sykes prays that judgment be entered in his favor against the Defendant The Wicomico County in the amount of ONE HUNDRED THOUSAND DOLLARS, $ 100,000.00 in compensatory damages, plus interest and the cost of this action.

### JURY TRIAL DEMAND

The Plaintiff hereby requests a jury trial in the above captioned matter.

*Lamont Stewart*
Lamont B. Stewart, Esq.
WESCOTT, LUKE & ROWE LLC.
220 E. Main Street, Ste. B
Salisbury, Maryland 21801
TEL: (410) 749-9100

LAW OFFICES OF
WESCOTT
E & ROWE
ST MAIN STREET, SUITE B
BURY, MARYLAND 21801
PHONE: 410.749.9100